**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TONIESHA BROODIE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>BRYAN SKILLED HOME CARE INC., and CATHY MADDEN<br><br>Defendants. | No: 23 Civ. 6497<br><br>CLASS ACTION COMPLAINT |

Toniesha Broodie ("Plaintiff" or "Broodie"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover overtime compensation, agreed upon wages, and other damages for Plaintiff and similarly situated home health aides, personal care professionals, and nurses (collectively, "HHAs") who work or have worked for Bryan Skilled Home Care Inc. ("Bryan Skilled Home Care") in New York.

2. Owned and operated by Bryan Skilled Home Care Inc. and Cathy Madden (together, "Defendants"), Bryan Skill Home Care is a home health care agency headquartered in Amityville, New York, and providing care throughout Nassau, Suffolk, and Queens counties.

3. At all relevant times, Defendants have compensated Plaintiff and all other HHAs

1

on an hourly basis.

4. Despite being non-exempt employees, Defendants have failed to properly pay Plaintiff and other HHAs overtime compensation at 1.5 times their regular rate of pay when they work over 40 hours per week.

5. In this regard, Defendants had a policy in which it only paid Plaintiff and HHAs from 9:00 a.m. until 10:00 p.m., despite consistently working through the night.

6. Additionally, Defendants paid overtime at an improper hourly rate. Specifically, Defendants failed to pay 1.5 times Plaintiff and HHAs' regular rate of pay for these hours.

7. Plaintiff brings this action on behalf of herself and all similarly situated current and former HHAs in New York who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

8. Plaintiff also brings this action on behalf of herself and all other similarly situated HHAs in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), to remedy violations of the NYLL, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

### Plaintiff

**Toniesha Broodie**

9. Toniesha Broodie ("Broodie") is an adult individual who is a resident of the State of New York.

10. Broodie was employed by Bryan Skilled Home Care as an HHA from on or about September 2022 until in or around March 2023.

11. Broodie is a covered employee within the meaning of the FLSA and the NYLL.

12. A written consent form for Broodie is being filed with this Class Action Complaint.

**Defendants**

13. Defendants have employed and/or jointly employed Plaintiff and similarly situated employees at all times relevant.

14. Each Defendants has had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

**Bryan Skilled Home Care Inc.**

15. Bryan Skilled Home Care Inc. is a domestic business corporation organized and existing under the laws of New York.

16. Bryan Skilled Home Care Inc. maintains its headquarters in Amityville, New York.

17. Bryan Skilled Home Care Inc. was and is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed Plaintiff and similarly-situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

18. Bryan Skilled Home Care Inc. has maintained control, oversight, and direction over Plaintiff and similarly-situated employees nationwide, including timekeeping, payroll, and other employment practices that applied to them.

19. Bryan Skilled Home Care Inc. applies the same employment policies, practices, and procedures to all HHAs in its operation, including policies, practices, and procedures with respect to payment of wages and overtime compensation.

20. Bryan Skilled Home Care Inc. was, at all times relevant, an "employer" as defined by the FLSA and the NYLL. Bryan Skilled Home Care Inc. regularly employs individuals in New

York and other states, including Plaintiffs, in the performance of work on behalf of Defendants and is subject to the provisions of the FLSA and the NYLL.

21. Upon information and belief, at all relevant times, Bryan Skilled Home Care Inc. has had an annual gross volume of sales in excess of $500,000.

**Cathy Madden**

22. Cathy Madden is a resident of the State of New York.

23. At all relevant times, Cathy Madden has been the owner and operator of Bryan Skilled Home Care Inc.

24. At all relevant times, Cathy Madden has had power over personnel decisions at Bryan Skilled Home Care, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

25. At all relevant times, Cathy Madden has had power over payroll decisions at Bryan Skilled Home Care, including the power to retain time and/or wage records.

26. At all relevant times, Cathy Madden has been actively involved in managing the day-to-day operations of Bryan Skilled Home Care.

27. At all relevant times, Cathy Madden has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

28. At all relevant times, Cathy Madden has had the power to transfer the assets and/or liabilities of Bryan Skilled Home Care.

29. At all relevant times, Cathy Madden has had the power to declare bankruptcy on behalf of Bryan Skilled Home Care.

30. At all relevant times, Cathy Madden has had the power to enter into contracts on behalf of Bryan Skilled Home Care.

31. At all relevant times, Cathy Madden has had the power to close, shut down, and/or sell Bryan Skilled Home Care.

32. Cathy Madden is a covered employer within the meaning of the NYLL and the FLSA, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

33. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

34. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

35. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants conduct business in this District.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of herself and all similarly-situated persons who work or have worked as HHAs for Bryan Skilled Home Care who elect to opt-in to this action (the "FLSA Collective").

37. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

38. Consistent with Defendants' policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper premium overtime compensation of 1.5 times their regular rates of pay for all hours worked beyond 40 per workweek.

39. All of the work that Plaintiff and the FLSA Collective have performed has been

5

assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

40.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the FLSA Collective, any overtime wages for all hours worked in excess of 40 hours per workweek.

## NEW YORK CLASS ACTION ALLEGATIONS

41.     Plaintiff brings the Second, Third, and Fourth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as HHAs for Bryan Skilled Home Care Inc. in New York between January 14, 2017[1] and the date of final judgment in this matter (the "New York Class").

42.     The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

43.     There are more than fifty members of the New York Class.

44.     Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

45.     Plaintiff and the New York Class have all been injured in that they have been

---

[1] This class period is due to Governor Cuomo's Executive Order that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op. 03436 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law).

6

uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

46. Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

47. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

48. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

49. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

> (a) whether Defendants correctly compensated Plaintiff and the New York Class for hours worked in excess of 40 per workweek;
>
> (b) whether Defendants failed to furnish Plaintiff and the New York Class with proper annual wage notices, as required by the NYLL; and

    (c) whether Defendants failed to furnish Plaintiff and the New York Class with accurate statements with every payment of wages, as required by the NYLL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

50. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Toniesha Broodie**

51. Broodie was employed by Defendants as an HHA from on or about September 2022 until in or around March 2023.

52. During her employment, Broodie worked for Defendants primarily in Nassau County, New York.

53. Broodie consistently worked over 40 hours per week for Defendants, despite this, Defendants failed to pay Broodie for all of her hours worked.

54. Specifically, due to Defendants' policy under which Defendants would only pay for hours worked between 9:00 a.m. and 10:00 p.m.[2], Broodie worked unpaid between 10:00 p.m. and 9:00 a.m. During this time, Broodie would regularly care to her client. Specifically, she would turn and change the client at least every 2 hours from 10:00 p.m. to 9:00 a.m. Thus, Broodie was not paid for all of her overtime hours worked off the clock.

55. Moreover, the overtime hours Defendants did actually pay Broodie for were paid at an incorrect overtime rate. Specifically, Defendants paid Broodie at a rate of $18.69 per hour for hours up to and including 40, but only paid an overtime rate of $25.50 per hour, whereas her proper overtime rate should have been 28.04 (18.69 x 1.5). Thus, Broodie was underpaid for the overtime hours for which she was paid for.

---

[2] Defendants stated this policy was because Medicare would only pay them for these hours.

56. Throughout her employment, Defendants failed to provide Broodie with accurate wage statements with each payment of wages as required by the NYLL. In this regard, Broodie's wage statements failed to include her correct number of hours worked and her proper overtime rate.

57. Defendants' failure to provide Broodie with accurate wage statements misinformed Plaintiff about the correct number of hours she worked, and the overtime rate she was entitled to, and thus the wages she was entitled to receive, and allowed to Defendants to continue their unlawful pay scheme.

58. Defendants failed to provide Broodie with a proper time-of-hire wage notice as required by the NYLL. In this regard, the wage notice provided to Broodie incorrectly states her rate of pay and her overtime rate.

59. Defendants' failure to provide Broodie with an accurate time-of-hire notice misinformed Plaintiff about the correct rates of pay she was entitled to, and thus ultimately the wages she was entitled to receive and allowed to Defendants to continue their unlawful pay scheme.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of FLSA Collective.

62. Plaintiff and the FLSA Collective worked in excess of 40 hours during workweeks in the relevant period.

63. Defendants failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rate of pay for all hours worked in excess of 40 per workweek.

64. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**SECOND CAUSE OF ACTION**
**New York Labor Law – Overtime Wages**
**(Brought on behalf of Plaintiff and the New York Class)**

65. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff and the New York Class.

67. Defendants failed to pay Plaintiff and the New York Class the premium overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times their regular rate of pay – for all hours worked beyond 40 per workweek.

68. Due to Defendants' violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Annual Wage Notices
### (Brought on behalf of Plaintiff and the New York Class)

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants have failed to supply Plaintiff and the New York Class with a proper time of hire annual wage notice, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

71. Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiff and the New York Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide them with wage notices, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

## FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiff and the New York Class)

72. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73. Defendants failed to supply Plaintiff and the New York Class with an accurate

statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

74. Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiff and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all HHAs who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Bryan Skilled Home Care. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of Plaintiff as representative of the New York Class and counsel of record as Class Counsel;

E. Unpaid overtime wages and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F. Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the New York Class with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

G. Statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff and the New York Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

H. Prejudgment and post-judgment interest;

I. Reasonable attorneys' fees and costs of the action; and

J. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
August 30, 2023

Respectfully submitted,

*/s/ Brian S. Schaffer*
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Dana M. Cimera

28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and
the Putative Class*

FAIR LABOR STANDARDS ACT CONSENT

1.  I consent to be a party plaintiff in a lawsuit against Bryan Skilled Home Care, Inc. and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.  By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

*J. broodie*
Toniesha broodie (Mar 2, 2023 14:58 EST)
Signature

# Toniesha broodie

Full Legal Name (Print)